IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRYAN K. DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00402 |
| | ) | |
| MURFREESBORO POLICE | ) | JUDGE CAMPBELL |
| DEPARTMENT, *et al.*, | ) | MAGISTRATE JUDGE |
| | ) | FRENSLEY |
| Defendants. | | |

## MEMORANDUM

Plaintiff Bryan K. Dalton, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Murfreesboro Police Department and the Rutherford County District Attorney, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    Motion to Appoint Counsel**

After filing his complaint, Plaintiff filed a motion requesting the appointment of counsel. (Doc. No. 5).  He states that he has no legal training, his imprisonment limits his ability to litigate effectively, his case is complex, he is unable to afford an attorney, and his family's attempts to obtain pro bono counsel for him have been unsuccessful.  (*Id*. at 1-2).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981).  Thus, unlike criminal proceedings, there is no constitutional

1

right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Plaintiff's circumstances as described are typical to most prisoners and do not suggest anything exceptional in nature. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 Fed. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Therefore, his motion for the appointment of counsel will be denied.

## II.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016)(citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v.*

*Eby*, 481 F.3d 434, 437 (6th Cir. 2007)(citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009)(quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. Alleged Facts

The complaint alleges that the Murfreesboro Police Department and the Rutherford County District Attorney's Office "are both guilty of attempting to cover-up the fact that Det. Jensen did not have a warrant when he searched" Plaintiff's storage unit on January 13, 2017. (Doc. No. 1 at 5). According to Plaintiff, Defendants illegally searched his storage unit and wrongly charged him with a crime because of Plaintiff's race. (*Id.*) The complaint alleges that Plaintiff has been "incarcerated illegally" and that Defendants have refused to return Plaintiff's items "on over 10 (ten) occasions in which [his] father and fiancé have attempted to retrieve these items . . . ." (*Id.*)

3

In addition, the complaint alleges that Defendants are liable for defaming and slandering Plaintiff. (*Id.*)

## V.     Analysis

Plaintiff names two Defendants: the Murfreesboro Police Department and the Rutherford County District Attorney. (Doc. No. 1 at 4).

The Rutherford County Police Department, however, is not an entity that may be sued under Section 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at **2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the § 1983 claim against the Davidson County Sheriff's Office). Consequently, Plaintiff's Section 1983 claims against the Rutherford County Police Department must be dismissed for failure to state a claim upon which relief may be granted.

Giving this pro se complaint a liberal construction, the Court could construe Plaintiff's complaint as an attempt to state claims against Rutherford County, Tennessee. While Rutherford County is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (internal citations and quotation marks omitted). Under Section 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

693, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Rutherford County under Section 1983. The complaint does not identify or describe any of Rutherford County's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Rutherford County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Rutherford County. Any such claim will be dismissed.

Next, Plaintiff sues the unidentified Rutherford County District Attorney. However, prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). "A

prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Therefore, Plaintiff's claims for money damages against the unidentified district attorney for these activities are barred by absolute prosecutorial immunity. *Id.* at 427–28; *Burns v. Reed*, 500 U.S. 478, 490–492, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986).

To the extent that the complaint asserts a federal malicious prosecution claim against the Rutherford County District Attorney, "it is settled that prosecutors are immune from actions for malicious prosecution under both § 1983 and state common law." *Shell v. State*, 893 S.W.2d 416, 420 (Tenn. 1995); *Chase v. Funk*, No. 3:16-cv-01579, 2016 WL 7180150, at *5 (M.D. Tenn. Dec. 9, 2016)(citing *Shell* with approval). Thus, any such claim would be subject to dismissal.

The complaint also alleges that the Rutherford County District Attorney is "guilty" of "illegal search and seizure" because the inventory paperwork completed on the night of the search and seizure of Plaintiff's storage unit was not completed properly and the Rutherford County District Attorney has refused to return items seized from the unit to Plaintiff's father and fiancé. (Doc. No. 1 at 5). Other than a conclusory statement, the complaint fails to explain what role, if any, the Rutherford County District Attorney played in the search of Plaintiff's storage unit and in the seizure of items from the unit; the complaint does not allege that the Rutherford County District Attorney completed the inventory paperwork or even was present at the premises at the time of the search and seizure. Regarding the return of seized items, "[t]he burden is on the moving party to show that he or she is entitled to lawful possession of the property." 3A Charles Allen Wright

& Sarah N. Welling, *Federal Practice and Procedure* § 690 (4th ed. 2010). Plaintiff has not met this burden, nor has he persuaded the Court that the Rutherford County District Attorney has the authority to return Plaintiff's seized property to Plaintiff, his father, or his fiancé at this time. These claims fail as a matter of law.

Next, the complaint alleges that Plaintiff is being "incarcerated illegally." (Doc. No. 1 at 5). The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) (emphasis added). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff's request for relief to have "all charges dropped" (Doc. No. 1 at 5) directly challenges his conviction and sentence. This request is barred by *Heck* and its progeny. Plaintiff's

concerns regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus, not in a civil rights complaint. Those claims will be dismissed without prejudice, should Plaintiff wish to pursue them via the appropriate route.

Finally, the complaint alleges state law claims of false arrest, malicious prosecution, slander, and defamation against Defendants. (Doc. No. 1 at 5). 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id.* The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice to be filed, if Plaintiff so chooses, in a Tennessee state court.[1]

## VI. Conclusion

For the reasons explained above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2). Plaintiff's claims regarding the constitutionality of his continued confinement will be dismissed without prejudice,

---

[1] The Court makes no representations regarding any applicable statute of limitations for any state law claim.

should Plaintiff wish to pursue them via the appropriate route. Likewise, Plaintiff's state law claims will be dismissed without prejudice to be filed, if Plaintiff so chooses, in a Tennessee state court. Plaintiff's motion to appoint counsel (Doc. No. 5) will be denied.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE